UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADAM S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:25-cv-05350-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erred at step-five in finding there are jobs, in significant numbers, Plaintiff can perform.

At step-five, the ALJ, based upon the testimony of the vocational expert (VE) found Plaintiff can perform work as a final assembler, 14,000 jobs, (DOT 713.687-018); printed circuit board screener,11,300 jobs, (DOT 726.684-110); and addresser, 2,000 jobs (DOT 209.587-010). Tr. 30. Based upon this testimony the ALJ found Plaintiff is not disabled because he can perform these jobs, and because they exist in significant numbers in the national economy. *Id.*

Plaintiff thereafter sought review in the Appeals Council (AC) and submitted evidence, which the AC made part of the record. Tr. 4. On review, Plaintiff contended the VE's testimony was inaccurate and based upon SkillTRAN and Job Browser Pro reports that he submitted, there exists only 1,069 printed circuit board screener jobs, only 26 final assembler jobs, and 2068

ORDER REVERSING AND REMANDING - 1

addresser jobs for a total of 3,163 combined jobs in the national economy. Plaintiff thus contends "remand is necessary for additional VE testimony regarding whether there is work in the national economy which Plaintiff can perform." Dkt. 9 at 7.

The Commissioner disagrees and argues the ALJ properly called a VE who identified jobs Plaintiff can perform, the VE's testimony was consistent with the job requirements contained in the DOT, Plaintiff failed to challenge the VE's testimony at the hearing, and the Court should reject the evidence Plaintiff submitted to the AC because it lacks probative value.

Because the ALJ did not receive the evidence Plaintiff presented to the AC, the Court addresses whether that evidence is significant and probative and requires remand for further proceedings. The Court concludes it is. This is not a case in which the source of Plaintiff's evidence is unknown or was presented in an incomprehensible manner. The record shows Plaintiff submitted evidence generated by SkillTRAN Job Browser Pro which sets forth the number of jobs in each DOT code used by the VE in a manner that a lay person can easily understand. Tr. 418-32. The evidence shows there are far fewer jobs in the national economy than set forth by the VE.

The Court accordingly **ORDERS** the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall call a VE to reassess at step-five whether there are a significant number of jobs Plaintiff can perform in the national economy.

DATED this 12th day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

- 2